SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
ERIC D. SENTLINGER (SBN: 215380)
esentlinger@grsm.com
GURPREET SANDHU (SBN: 335906)
gsandhu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESSLY VASQUEZ and URIEL PITA GARCIA, | Case No. |
| Plaintiffs, | **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| vs. | |
| FORD MOTOR COMPANY; a Delaware Corporation, and DOES 1 through 10, inclusive | |
| Defendant(s). | Sup. Ct. Comp. filed: December 13, 2022 |
| | Removed:  January 17, 2023 |

# NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. STK- CV-UBC-2022-0011525 of the Superior Court of California, County of San Joaquin. In support of this removal, Ford states as follows:

## I.   THE REMOVED CASE

1. This removed case is a civil action commenced in the Superior Court of California, County of San Joaquin by Plaintiffs LESSLY VASQUEZ and URIEL PITA GARCIA ("Plaintiffs") against Ford, entitled *Lessly Vasquez and Uriel Pita Garcia v. Ford Motor Company.*, Case No. STK-CV-UBC-2022-0011525 (the "State Action"). Ford is the only named Defendant in the case. (*See* Sandhu Decl., **Exh. B**.)

2. Plaintiffs filed their State Action on December 13, 2022, against Ford for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") including for breaches of express, based on their purchase of a 2018 Ford Fusion, VIN: 3FA6P0HD1JR233244. (the "Subject Vehicle"). (*See* **Exh. B** *generally*, and Sandhu Decl., ¶ 4).

3. As it has been less than one year since the commencement of this action, removal is proper under 28 U.S.C. § 1446(c)(1).

## II.   PROCEDURAL REQUIREMENTS

4. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on December 15, 2022. (Sandhu Decl., ¶5, **Exh. J**)

//

//

5. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders for the State Action in Ford's possession are contained in **Exhs. A-J,** to the Sandhu Declaration, filed herewith.

6. In their Complaint, Plaintiffs state that they are resident of the City of Tracy, County of San Joaquin, and State of California. (*See* **Exh. B** ¶2.)

7. Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. (*See* Sandhu Decl. ¶8).

8. Based upon what Plaintiffs plead in their own Complaint, counsel for Ford was able to ascertain the amount in controversy. (See **Exh. B** to the Sandhu Decl., ¶13)

9. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since December 15, 2022, has not elapsed.

10. Pursuant to 28 U.S.C. § 1446(a) venue is proper in the Eastern District of California because this district embraces the place in which the State Action has been pending.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Joaquin promptly after filing of same in this Court.

12. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is appropriately removable.

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim,

1  (vii) failure to join indispensable party(ies), or (viii) any other procedural or
2  substantive defense available under state or federal law.

### III.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

4  14.   Ford diversity jurisdiction over a claim, the amount in controversy
5  must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this
6  action exceeds $75,000, exclusive of interest and costs.

7  15.   The removing party's initial burden is to "file a notice of removal that
8  includes 'a plausible allegation that the amount in controversy exceeds the
9  jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th
10 Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.
11 Ct. 547, 554 (2014). "By design, § 1446(a) tracks the general pleading requirement
12 stated in Rule 8(a)" which requires only that the grounds for removal be stated in
13 a "short and plain statement." *Dart*, 135 S. Ct. at 553.

14 16.   Generally, a federal district court will first "consider whether it is
15 'facially apparent' from the complaint that the jurisdictional amount is in
16 controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)
17 (internal citation omitted). But a defendant may remove a suit to federal court
18 notwithstanding the failure of the plaintiffs to plead the required amount. Absent
19 the facial showing from the complaint, the court may consider facts averred in the
20 removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in
21 controversy is challenged, then "both sides submit proof and the court decides, by
22 a preponderance of the evidence, whether the amount-in-controversy requirement
23 has been satisfied." *Ibarra,* 775 F.3d at 1195. At that time, "it may be appropriate
24 to allow discovery relevant to [the] jurisdictional amount prior to remanding."
25 *Abrego,* 443 F.3d at 691 (internal citation omitted).

26 17.   Ford disputes that it is liable for any damages whatsoever to Plaintiffs.
27 Nevertheless, Ford can demonstrate that the amount in controversy exceeds
28 $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v.*

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

*McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

18. In this consumer warranty case, Plaintiffs seek monetary relief. Plaintiffs bring this action against Ford for breach of express warranties under the Song-Beverly Act, based on their purchase of a 2018 Ford Fusion, VIN: 3FA6P0HD1JR233244. (*See* Sandhu Decl. ¶9, **Exh. B**, *generally*.)

19. Specifically Plaintiffs seek monetary relief under the Song-Beverly Act, including actual damages, restitution, all incidental and consequential damages, costs and attorney's fees, and a civil penalty of up to two times the amount of actual damages. (*See*, Sandhu Decl., ¶9, **Exh. B**, ¶¶ 21, 22, 24, 25, Prayer for Relief at p 4:16-25)

20. The amount in controversy calculation includes the civil penalties alleged under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

21. The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

A.      **Plaintiffs' Alleged Damages in their Complaint**

22. Pursuant to the Plaintiffs' own Complaint, the total sales price for the Subject Vehicle was $41,332.50. (*See* **Exh. B**, in Sandhu Decl.; ¶14.)

23. In their Complaint, Plaintiffs seek monetary relief under the Song-Beverly Act, including actual damages, restitution, all incidental and consequential damages, costs and attorney's fees, and a civil penalty of up to two

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

times the amount of actual damages. (*See*, Sandhu Decl., ¶9, **Exh. B**, ¶¶ 21, 22, 24, 25, Prayer for Relief at p 4:16-25)

24. If Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages well in excess of $75,000.00, as Plaintiffs contends they are entitled to double civil penalties and attorney's fees. Plaintiffs' actual damages of $41,332.50 (*i.e.*, the total sales price of the Subject Vehicle as outlined in the Plaintiffs' own Complaint) + $82,665.00 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to $123,997.5. (Sandhu Decl. ¶15, **Exh. B**).

25. Ford notes that even this amount is conservative, as it does not include Plaintiffs' claim for attorney's fees/costs which Plaintiffs are seeking to recover in this case and which are authorized under the Song-Beverly Act. (See Sandhu Decl., ¶16; **Exh. B**, ¶¶ 21, 22, 24, 25, Prayer for Relief at p 4:16-25) The Song-Beverly Act allows the recovery of attorney's fees and costs to the prevailing party pursuant to California Civil Code section 1794(d).

26. Thus, the total amount in controversy unequivocally exceeds $75,000.00. The amount in controversy is satisfied. (*See* Sandhu Decl. ¶¶ 13-17, Cal. Civ. Code §1793.2(d)(2)(B)-(C); §1794(c)).

### IV.   DIVERSITY OF CITIZENSHIP EXISTS

27. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, (9th Cir. 1983) 704 F.2d 1088*; see also LeBlanc v. Cleveland*, (2d Cir. 2001) 248 F.3d 95, 100. (citizenship determined at time lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, (1st Cir. 1991) 946 F.2d 8, 10.) A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Clew & Moss*, (9th Cir. 1986) 797 F.2d 747, 749-50.

28. Courts look to competing factors to establish domicile including, but not limited to, the party's residence, driver's licenses and automobile registrations,

1  and employment. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *See Ervin v.
2  Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO)
3  2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (The Court found
4  that for diversity purposes Plaintiff is a citizen of the state in which they reside in
5  the absence of evidence to the contrary.)

6  29.    Plaintiffs are, and was at the time of filing of the Complaint, citizen
7  and resident of the City of Tracy, San Joaquin County, State of California. In their
8  Complaint, Plaintiffs state that they are "individuals residing in the City of Tracy,
9  County of San Joaquin, and State of California." (Sandhu Decl., ¶7, **Exh. B**. ¶2.)
10 (*Ervin v. Ballard Marine Constr., Inc.* (N.D. Cal. Aug. 11, 2016, No. 16-cv-
11 02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted]
12 (holding that for diversity purposes Plaintiff is a citizen of the state in which they
13 reside in the absence of evidence to the contrary.) (Plaintiffs' Complaint stated
14 only that they were a resident of Fresno County, it made no statement as to
15 Plaintiffs' citizenship. The Court found that for diversity purposes Plaintiffs are a
16 citizen of the state in which they reside in the absence of evidence to the contrary)

17 30.    Ford is not a citizen of California for purposes of diversity jurisdiction.
18 *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)
19 ["An LLC is a citizen of every state of which its owners/member are citizens."]

20 31.    Ford is, and was at the time Plaintiffs commenced this action, a
21 corporation organized under the laws of the State of Delaware with its principal
22 place of business in Michigan.  This Court can take judicial notice of these facts.
23 (*See* Excerpt from Ford's 2020 Form 10-K filing, **Exhibit K** to Sandhu Decl.; *see
24 also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be
25 accurately and readily determined from sources whose accuracy cannot reasonably
26 be questioned.")

27 32.    Accordingly, complete diversity exists between Plaintiffs and Ford.
28 //

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## V. CONCLUSION

33. Thus, Ford may remove this State Action to this Court in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as pled by Plaintiffs in their own Complaint.

Respectfully submitted,

Dated: January 17, 2023    GORDON REES SCULLY MANSUKHANI, LLP

 */S/ Gurpreet Sandhu*
Spencer P. Hugret
Eric D. Sentlinger
Gurpreet Sandhu
Attorneys for Defendant
FORD MOTOR COMPANY